**Shan Ming YANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–0801–AG.**

United States Court of Appeals, Second Circuit.

Jan. 18, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Harry S. Mattice, Jr., United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, Tennessee, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. BARRINGTON D. PARKER, Circuit Judges.

SUMMARY ORDER

Shan Ming Yang, through counsel, petitions for review of the BIA's order affirming the decision of an immigration judge ("IJ") denying Yang's claims for asylum

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

and withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). Yang alleged persecution based on China's coercive family planning policies. The IJ found Yang was not credible and, therefore, did not demonstrate eligibility for the relief he sought. Yang raised only his asylum and withholding of removal claim in his petition. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

This Court will not consider Yang's claim that he had problems with the interpretation during his in-court testimony, because he never raised this argument with the BIA. In spite of the assertion in his petition that he "alerted the Board of this problem," the argument is nowhere to be found in Yang's brief or notice of appeal to the BIA. Indeed, that the brief offers nervousness and blurred memory as excuses for his inconsistencies but fails to mention interpretation, undermines his claim that he had a language barrier. Because claims of faulty interpretation present the type of fact-specific questions that the agency is best-placed to resolve in the first instance, we decline to review this unexhausted claim here. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir.2003); *Gill v. INS*, 420 F.3d 82, 87 (2d Cir.2005).

Yang's due process and substantial evidence claims all hinge on his unexhausted interpretation argument and Yang has waived any other challenge to the IJ's denial of relief for asylum and withholding of removal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).